IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

_____

CHRISTOPHER ALLEN FROST,
                    Plaintiff,


     v.                                    MEMORANDUM and ORDER
                                              07-cv-357-jcs
JANICE LUSTEY, NURSE KATHY and
JEANANNE GREENWOOD,

                    Defendant.
_____

        Plaintiff Christopher Allen Frost was allowed to proceed on

his Eighth Amendment claim against defendants Janice Lustey, Nurse

Kathy and Jeananne Greenwood.   In his complaint he alleges that

while  he  was  incarcerated  at  the  Green  Bay  Correctional

Institution, Green Bay, Wisconsin, the defendants denied him

medical treatment when he re-injured his pre-existing spine injury

which was deliberately indifferent to his serious medical need.

        On November 26, 2007 defendants moved for summary judgment

pursuant to Rule 56, Federal Rules of Civil Procedure, submitting

proposed findings of facts, conclusions of law, an affidavit and a

brief in support thereof.   This motion has been fully briefed and

is ready for decision.

        On a motion for summary judgment the question is whether any

genuine issue of material fact remains following the submission by

both parties of affidavits and other supporting materials and, if

not, whether the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  An adverse party may not rest upon the mere allegations or denials of the pleading, but the response must set forth specific facts showing there is a genuine issue for trial.  Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

There is no issue for trial unless there is sufficient evidence favoring the non-moving party that a jury could return a verdict for that party.  If the evidence is merely colorable or is not significantly probative, summary judgment may be granted.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).


                                   FACTS

For purposes of deciding defendants' motion for summary judgment the Court finds that there is no genuine dispute as to any of the following material facts.

At all times material to this action plaintiff Christopher Allen Frost was incarcerated at the Green Bay Correctional Institution, Green Bay, Wisconsin (GBCI).  Defendants Jean Lustey and Kathy Lemens are employed by the Wisconsin Department of

Corrections (DOC) as Nurse Clinicians at GBCI.   Their duties include assessing and treating patients, assisting doctors in providing medical services, managing medications, providing emergency care and maintaining medical records.

Defendant Jeananne Greenwood is employed by the DOC as the Nursing Supervisor in the Health Services Unit (HSU) at GBCI.   Her duties include managing and supervising health care services, developing procedures, monitoring care plans, preparing required reports and providing liaison activities to other disciplines, institution units and community health care providers.

On February 5, 2007 plaintiff was seen by HSU staff in the strip cell after an altercation with unit staff.   He denied pain or injuries at that time.

On March 5, 2007 he filed a Health Services Request (HSR) to see a doctor for a complaint of back pain.   He was informed that an appointment had been scheduled.   Plaintiff submitted a second request to see a doctor on March 14, 2007 and was informed that he had an appointment scheduled for March 15, 2007.

Plaintiff was seen by defendant Lustey on March 15, 2007.   She noted that plaintiff had a previous compression fracture in his back.   Plaintiff had a stiff range of motion.   Lustey encouraged plaintiff to do back stretches and exercises.   After checking with Dr. Heidorn, plaintiff was prescribed 800 mg of Ibuprofen for one month.

On March 22, 2007 plaintiff submitted an HSR stating that the Ibuprofen had not helped his pain and requesting a move to a handicap cell.   HSU staff replied to plaintiff on March 24, 2007 that he was scheduled for lab tests on March 27, 2007 and they would discuss his back pain at that time.   On March 27, 2007 plaintiff was seen by defendant Kathy Lemens and complained of back pain. She advised him that he would be placed on the list to see the doctor.

On March 30, 2007 plaintiff filed an HSR wanting to see the doctor and requesting a refill of Ibuprofen.   On March 31, 2007 Plaintiff was advised that his prescription would be refilled and that he had an appointment to see the doctor.

On April 6, 2007 plaintiff was seen by Dr. Heidorn who noted that plaintiff's gait was more normal but he had a paraspinal spasm of the right side lumbar region.   Dr. Heidorn diagnosed a subacute strain and continued the Ibuprofen and started Flexeril, a muscle relaxant.

On May 6, 2007 plaintiff submitted an HSR complaining of back pain.   HSU staff replied to plaintiff on May 7, 2007 advising that he would not be moved to another cell and that the doctor had ordered a muscle relaxant, rest and exercises.   Plaintiff was scheduled for a follow-up appointment with the doctor.

On May 17, 2007 plaintiff submitted an HSR request to see the doctor for back and hip pain and requested another mattress.   On

May 18, 2007 plaintiff was informed by HSU staff that the doctor was not in the institution but that plaintiff would be scheduled for an appointment with the doctor.

Plaintiff was seen by Dr. Heidorn on May 25, 2007. The doctor noted that plaintiff had a mildly antalgic gait and LOM abduction on the right hip. The doctor ordered x-rays and continued plaintiff on Ibuprofen. The x-rays showed no fractures or dislocations of the spine or hips.

Dr. Heidorn saw plaintiff on July 6, 2007 for a follow-up appointment. The doctor noted that all X-rays were negative and that there was minimal tenderness of the right paraspinal muscle and lumbar region. The doctor diagnosed plainitf with a chronic sprain/strain and continued the Flexeril and Ibuprofen.

On August 15, 2007 plaintiff submitted an HSR to see the doctor complaining of pain. He was advised the next day that he had been scheduled to see the doctor. Dr. Heidorn saw plaintiff on August 17, 2007.

Based upon their professional judgment and expertise, and to a reasonable degree of medical certainty, defendants provided plainitf with appropriate medical care and did not deny medical care that resulted in further injury or pain.

Plaintiff filed this civil action on July 2, 2007.

MEMORANDUM

Plaintiff claims that defendants violated his Eighth Amendment rights by deliberate indifference to his serious medical need.  The Eighth Amendment prohibits deliberate indifference to an inmate's serious medical need.  <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976).

Deliberate indifference is a subjective standard which requires that the defendants knew that plaintiff was at risk of serious harm and acted with callous disregard to this risk.  An official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists and must also draw the inference.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).

Plaintiff was seen by HSU staff on March 15, 2007.  After consulting with the doctor HSU staff had provided him Ibuprofen for his pain that same day.  He was scheduled to see Dr. Heidorn on April 7, 2007.  After further complaints of pain, plaintiff was again seen by the doctor on May 25, 2007 and x-rays were taken.  Plaintiff was prescribed Flexeril and Ibuprofen.  The X-rays were negative.  On July 6, 2007 and August 15, 2007 Plaintiff was again seen by Dr. Heidorn who diagnosed him with a chronic sprain/strain.  Plaintiff received treatment for his back pain from the HSU staff from March 2007 through August 2007 including appointments with the doctor on April 6, 2007,  May 25, 2007, July 6, 2007 and August 15, 2007.

Plaintiff received medical treatment for his back pain. Plaintiff argues that he should have seen the doctor sooner, been placed in a handicapped cell and given an extra mattress. A disagreement over medical treatment does not rise to the level of an Eighth Amendment claim according to Estelle. The fact that plaintiff did not receive treatment as quick or as efficient as he desired does not rise to the level of an Eighth Amendment violation. See Snipes v. DeTella, 95 F.3d 586, 591 (7th Cir. 1996).

Further, there is no evidence that defendants knew that plaintiff was at risk of serious harm and acted with callous disregard to that risk. See Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005). Defendants were not deliberately indifferent to plaintiff's back pain. Accordingly, they did not violate plaintiff's Eighth Amendment rights.

Defendants are entitled to judgment in their favor on plaintiff's Eighth Amendment claim. Their motion for summary judgment will be granted.

Plaintiff is advised that in any future proceedings in this matter he must offer argument not cumulative of that already provided to undermine this Court's conclusion that his claims must be dismissed. See Newlin v. Helman, 123 F.3d 429, 433 (7th Cir. 1997).

<u>Frost v. Lustey, et al.</u>, 07-cv-357-jcs

ORDER

IT IS ORDERED that defendants' motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that judgment be entered in favor of defendants against plaintiff DISMISSING his complaint and all claims contained therein with prejudice and costs.

Entered this 19th day of December, 2007.

BY THE COURT:

/s/

_____
JOHN C. SHABAZ
District Judge